1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10

11   UNITED STATES OF AMERICA,              No.  2:15-cr-00087-MCE

12              Plaintiff,

13        v.                                **ORDER**

14   MARY SUE WEAVER,

15              Defendant.

16

17        Defendant Mary Sue Weaver ("Defendant") pled guilty to: (1) Wire Fraud Affecting

18   a Financial Institution in violation of 18 U.S.C. § 1343; and (2) Bank Fraud in violation of

19   18 U.S.C. § 1344.  She was sentenced on June 22, 2018, to fifty (50) months of

20   imprisonment followed by twenty-four (24) months of supervised release and was

21   ordered to pay $15,387,945 in restitution.  On June 2, 2020, the Bureau of Prisons

22   ("BOP") transferred Defendant to home confinement under the CARES Act.  Presently

23   before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 156.  The

24   Government opposes Defendant's request.  ECF No. 160.  For the reasons that follow,

25   Defendant's Motion is DENIED.

26        Defendant contends that "extraordinary and compelling circumstances" exist such

27   that she should be released prior to her current anticipated release date in May 2022.

28   More specifically, according to Defendant, her sentence should be reduced because of

1   her caregiving status to her husband.  Deft. Mot. at 7.  Given her 85-year-old husband's

2   numerous medical conditions and inability to drive, Defendant contends he requires her

3   full-time assistance.  Id. at 7-8.  Additionally, Defendant maintains that there is no one

4   else available to serve as her husband's caregiver.  Id. at 7.  Even having considered

5   Defendant's caregiving status, however, the Court concludes that Defendant's release

6   would be inappropriate.

7        "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes

8   a final judgment' and may not be modified by a district court except in limited

9   circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;

10  quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.

11  § 3582(c).  "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to

12  also allow a defendant to seek a reduction directly from the court, provided that the

13  defendant first seeks a reduction from the [BOP] and that request has either been

14  denied or 30 days have passed."  United States v. Aruda, 993 F.3d 797, 799 (9th Cir.

15  2021) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

16        **(c) Modification of an imposed term of imprisonment**.—
      The court may not modify a term of imprisonment once it has
17        been imposed except that—

18        (1) in any case—

19        (A) the court, upon motion of the Director of the [BOP], or upon
      motion of the defendant after the defendant has fully
20        exhausted all administrative rights to appeal a failure of the
      [BOP] to bring a motion on the defendant's behalf or the lapse
21        of 30 days from the receipt of such a request by the warden of
      the defendant's facility, whichever is earlier, may reduce the
22        term of imprisonment (and may impose a term of probation or
      supervised release with or without conditions that does not
23        exceed the unserved portion of the original term of
      imprisonment), after considering the factors set forth in section
24        3553(a) to the extent that they are applicable, if it finds that—

25        (i) extraordinary and compelling reasons warrant such a
      reduction;
26

27        . . . .

28        and that such a reduction is **_consistent with applicable
      policy statements_** issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr.10 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

> The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met:  (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

Id. (footnote omitted).

However, the current version of United States Sentencing Guidelines ("USSG") § 1B1.13 refers to only motions filed by the BOP and does not reference motions filed by the defendant as now allowed under § 3582(c)(1)(A).  Aruda, 993 F.3d at 800. Therefore, "'[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'"  Id. at 801 (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotations and citations omitted).  In sum, "[t]he Sentencing Commission's statements in USSG § 1B1.13 [referenced in the third prong] may inform a district court's discretion for the § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  Id. (citation omitted).

Accordingly, not only does this Court choose to exercise its discretion in considering the USSG § 1B1.13 policy statement, but it utilizes that provision as the starting point for its § 3582(c)(1)(A) analysis. The USSG policy statement referenced in the third prong provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), she may be "entitled to relief if [s]he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) [s]he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when: "[t]he incapacitation of defendant's spouse or registered partner when defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13 Application Note 1(C)(ii).

Here, Defendant contends her husband suffers from serious physical or medical conditions that require her to be his full-time caregiver. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). She has not met that burden here.

First, the Court absolutely agrees with the Government that "[Defendant] has not met her burden to establish [her] eligibility for compassionate release" that potentially satisfies USSG § 1B1.13. Gov. Oppo. at 6. Defendant is already caring for her husband

4

while on home confinement.  Moreover, Defendant's husband has substantial financial resources that provide significant options for obtaining care.  Id. at 7.  Second, release would be inappropriate after consideration of the § 3553(a) factors and because of the nature of Defendant's offense.  The Court agrees that Defendant abused her position of trust as an escrow agent to help fraudulently procure millions of dollars for her co-defendant.  Requiring Defendant to serve her full sentence serves the policies of providing "just punishment for the offense and . . . deter[ring] others from similar criminal conduct…"  Id. at 9.

For the reasons set forth above, the Court thus concludes that release would be inappropriate.  Defendant's Motion to Defendant's Motion to Reduce Sentence (ECF No. 156.) is DENIED.

IT IS SO ORDERED.


Dated:  September 22, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

5